**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                       Plaintiff,<br><br>       v.<br><br>**ABDALLAH ABDALLAH,**<br><br>                       Defendant.<br>_____ | **1:14-cr-00010**<br>**1:16-cv-00014** |

**TO:**   Abdallah Abdallah, *Pro se,* Reg. No. 09464-094
            FCI Coleman-Medium
            P.O. Box 1032
            Coleman, FL 33521

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court upon the Order (ECF No. 124) of Chief Judge Wilma A. Lewis in Criminal No. 14-00010 referring Defendant Abdallah Abdallah's *pro se* Motion under 28 U.S.C. § 2255[1] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 123)[2] to the undersigned for a report and recommendation. For the reasons that follow, the undersigned recommends that Abdallah Abdallah's motion be denied.

**I.   Background**

At approximately 11:00 pm on December 24, 2013, Kayvon Vacher (hereinafter the victim) was driving through Estate Strawberry in St. Croix when a vehicle cut in front of his

---

[1] All citations to the United States Code are to the electronic version that appears in Lexis.
[2] All ECF document numbers are as recorded in 1:14-cr-00010, unless otherwise noted.

car and blocked him. Transcript of Evidentiary Hearing at 5-6, 8, *United States v. Abdallah*, No. 14-cr-00010 (D.V.I. June 12, 2015). The victim recognized the driver as Abdallah Abdallah (hereinafter Defendant) and the passenger as Sammy McDonald (hereinafter McDonald). *Id.* at 34. McDonald exited Defendant's vehicle, approached the victim's vehicle, told him that he wanted his car, and that he could have it back the next day. *Id.* at 6-7, 34. Before the victim could respond, McDonald pulled out a gun and pointed it at him, telling him that if he called the police he would kill him. *Id.* at 7, 34. The victim exited the car, McDonald got in, and Defendant and McDonald drove away, Defendant in his own vehicle and McDonald in the victim's. *Id.*

On March 19, 2014, Defendant was indicted in the District Court of the Virgin Islands on seven counts including carjacking, using firearm during crime of violence, robbery first degree, unauthorized possession of a firearm during crime of violence, possession of stolen property, unauthorized possession of ammunition, and felon in possession of ammunition. Indictment (ECF No. 1), entered March 19, 2014.

On February 2, 2015, Defendant entered into a plea agreement in which all counts were dropped except count two, using firearm during crime of violence, violation of 18 U.S.C. § 924(c)(1)(A)(ii). Plea Agreement (ECF No. 103), entered February 3, 2015. Defendant was thereafter sentenced to a term of 84 months in prison (with credit for time served), three years of supervised release, and an assessment of $100.00. Judgment (ECF No. 120), entered June 12, 2015. As a condition of his plea agreement, Defendant waived

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 3

his right to appeal (or otherwise challenge his conviction or sentence) except as to ineffective assistance of counsel under 28 U.S.C. § 2255. On February 26, 2016, Defendant filed the instant Motion.

## II. Legal Standard

### A. Section 2255

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).

Before ordering an answer, the Rules Governing Section 2255 Proceedings requires the district court to review a § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." U.S.C. Sec. 2255 Proc R 4. However, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court must notify the government and conduct a hearing. 28 U.S.C. § 2255(b). But, "[w]here the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Nieves v. United States*, 2016 U.S. Dist. LEXIS 113562 at *6 (D.N.J. Aug. 25, 2016) (quoting *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. Aug, 11, 2015)).

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 4

A petitioner properly raises ineffective assistance of counsel arguments under § 2255 rather than on direct appeal. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003) (explaining it is "preferable" that such claims be considered on collateral review where the record for such claims may be properly developed); *accord United States v. Garcia*, 516 F. App'x 149, 151 (3d Cir. 2013) ("It is well-settled that this Court ordinarily does not review claims of ineffective assistance of counsel on direct appeal.") (citing *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

### B. Ineffective assistance of counsel

To succeed on an ineffective assistance of trial counsel claim a movant must show both that 1.) counsel's representation was deficient and that 2.) the deficient performance "prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Regarding the "deficient" prong, a movant must demonstrate that counsel "made errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. As for the prejudice prong, a movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.[3]

The movant bears the burden of establishing his ineffective assistance of counsel claims by a preponderance of the evidence. *United States v. Serrano,* 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980)). A

---

[3] A court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry. *Strickland,* 466 U.S. at 697 (explaining a court need not "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one").

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 5

movant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Judicial scrutiny of counsel's performance is highly deferential, and a petitioner must overcome a "strong presumption" that counsel's strategy and tactics "fall[ ] within the wide range of reasonable professional assistance." *Id*. at 689. In addition, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. . . . Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id*. at 691-92. Thus, "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010).

### C. Pro se pleadings

Pro se pleadings are construed liberally and must be held to "less stringent standards than formal pleadings drafted by lawyers*.*" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 6

### III. Discussion

Defendant's Motion to Vacate alleges that his guilty plea was involuntary due to ineffective assistance of counsel. (ECF No. 123) at 4. Specifically, Defendant claims that his trial counsel was ineffective in failing to move for dismissal of the indictment; that his trial counsel was ineffective for failing to advise Defendant as to the nature of the offense and the elements to which he pleaded guilty; and that his trial counsel was ineffective in failing to object to Officer Michell Guzman's false testimony during the suppression hearing. *Id*.

#### A. Failure to move for dismissal of the indictment

In his Memorandum of law, Defendant asserts that counsel should have moved for a dismissal of the indictment prior to advising Defendant to plead guilty because the facts of the case show that Defendant "did not commit the substantial offense of possessing a firearm in furtherance of a crime of violence . . . and the facts showed further that Abdallah did not commit the offense of Aiding and Abetting . . . as alleged in the indictment." Mem. (ECF No. 123) at 19.

To succeed on a motion to dismiss an indictment, a movant must show there is insufficient evidence to support a conviction. *Santiago v. Warren*, 2016 U.S. Dist. LEXIS 134041 at *50 (D.N.J. September 29, 2016). In this case, defense counsel had filed and argued a motion to suppress. The result of that motion meant that 1.) evidence that Defendant had a speed-loader with ammunition in his pocket when police arrested him would be entered at trial; 2.) evidence that Defendant had the victim's car keys in his

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 7

pocket when police arrested him would be entered at trial; and 3.) evidence that the firearm used in the crime was nearby where Defendant was arrested would be entered at trial. Memorandum Opinion (ECF No.92) at 4 and accompanying Order (ECF No. 91).

As the chance of succeeding on a motion to dismiss the indictment was nil, defense counsel's representation was objectively reasonable.

Though not clear from his pleading, if Defendant is claiming that he only wanted count two of the indictment dismissed, his ineffective assistance argument fails because he was not prejudiced by failure of counsel to move to have this count dismissed. He was instead, benefited by counsel's strategy. As the recitation below will make clear, by pleading to count two, Defendant received a lesser sentence than he would have had he been convicted on other counts in the indictment. Defense counsel did not err in this regard, he employed sound advocacy skills. Therefore, Defendant is not entitled to relief on this claim.

Defendant also asserts that counsel failed to "investigate, interview, and call exculpatory witnesses prior to advising his client to plead guilty." Mem. (ECF No. 123) at 20. There were only three eyewitnesses to the events in this case: Defendant, McDonald, and the victim. *See* Transcript of Evidentiary Hearing (ECF 79). Defendant's motion is silent as to any information that he gave his attorney indicating there was exculpatory evidence to be garnered from investigating, interviewing, or calling specific witnesses. The exculpatory witness statement Defendant includes in his motion was sworn six months

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 8

after counsel's representation was concluded. Sworn Affidavit of Sammy McDonald (ECF 123-2), signed December 15, 2015.

Cases in which courts have found ineffective assistance of counsel due to failure to investigate, interview, or call specific witnesses show that the attorney knew of witnesses who could provide testimony critical to the defense, and did not take any action. For example, in *United States v. Gray*, 878 F.2d 702 (3d Cir. 1989), more than twenty-five people witnessed the altercation the defendant was involved in. The defense attorney asked the defendant to give him names of witnesses who could provide testimony that supported defendant's version of events. The defendant complied, giving the attorney the names of four witness. In response, the attorney did nothing. He did not try to contact the witnesses, he did not interview the witnesses, and he did not subpoena the witnesses. In *United States v. Jasin*, 215 F. Supp. 2d 552 (E.D. Pa. August 8, 2002), the defendant specifically asked his attorney to interview seven witnesses and he also identified two additional witnesses. In response to the request to interview and to the identification of additional witnesses, the defendant's attorney did nothing.

In his case, Defendant alleges that if counsel had reviewed the evidence, he would have seen that his client was innocent and he would have known that there were witnesses to interview. The record shows that counsel was actively engaged in the case, that he reviewed the evidence, and that he acted in the best interest of his client. For example, counsel filed and argued a motion to suppress, which the court granted in part and denied

in part. Counsel's motion shows that he studied the case materials and understood the facts of and evidence in the case. (ECF No. 33). Counsel also filed and argued two motions for reconsideration of the court's orders of detention, which demonstrate that he had meaningful contact with Defendant and that Defendant had the opportunity to communicate his wishes to counsel, yet Defendant never asserted his innocence nor told his attorney that there was exculpatory evidence available. (ECF Nos. 29 and 55). As has been shown above, defense counsel's representation was objectively reasonable, therefore Defendant is not entitled to relief on this claim.

### B. Failure to advise Defendant as to the nature and elements of the offense

In his second claim, Defendant asserts that "had counsel properly advised him as to the required elements under § 924(c) and § 2, he would not have pleaded guilty and would have insisted on going to trial." Mem. (ECF No. 123) at 24. As in his first claim, Defendant's analysis is focused on count two. While Defendant makes a passionate argument that he did not know that McDonald had a gun and, he argues, that knowledge is an essential element in proving count two, the government was proceeding to trial on all seven counts. On the eve of trial, Defendant's counsel filed a motion requesting that the court delay the start of the trial because "[c]ounsel for Mr. Abdallah and the government are seeking to resolve the matter before trial and [a]dditional time is needed to explore the possibilities." Motion to Continue Jury Selection and Trial (ECF No. 94), filed January 28, 2015.

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 10

Given the evidence that would be presented,[4] a strategy of proceeding to trial posed significant risk to Defendant; because if he had, the outcome would likely have resulted in lengthy incarceration. If Defendant had been found guilty under count one, carjacking, he could have been be "fined . . . or imprisoned not more than 15 years, or both." 18 U.S.C. § 2119(1). If found guilty under count three, robbery first degree, Defendant could have been "imprisoned not more than 20 years and if the conviction is a second or subsequent conviction under this chapter, then not less than 7 years." And, if it was a second or subsequent conviction under Chapter Fourteen, Defendant would have been required to stay in prison for at least seven years before becoming eligible for parole. 14 V.I.C. § 1862(2). Under count four, unauthorized possession of a firearm during violent crime, Defendant would have received a $25,000 fine and been imprisoned "not less than fifteen (15) years." This sentence would have been in addition to any sentence upon the verdict of the underlying crime. 14 V.I.C. § 2253(a). Under count five, possession of stolen property, Defendant could have been "imprisoned for not more than 10 years or be fined not more than $7,000, or both." 14 V.I.C. § 2101(a). Under count six, unauthorized possession of ammunition, Defendant could have been sentenced to a term of imprisonment of up to

---

[4] The ruling on Defendant's Motion to Suppress meant that the evidence that the Defendant had the speed-loader with ammunition and the victim's car keys in his pocket and the evidence that that the firearm was found in proximity to where Defendant was arrested would be admitted at trial. Order (ECF No. 91), entered January 26, 2015.

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 11

seven years. 14 V.I.C. § 2256(a). Under count seven, felon in possession of ammunition, Defendant could have been fined and imprisoned for up to ten years. 18 U.S.C. § 924(a)(2).[5]

Had the case gone to trial, evidence would have been presented to the jury that showed Defendant was in possession of ammunition. The court denied counsel's motion to suppress this evidence, which was the basis for counts six and seven. *See* Order and Memorandum Opinion (ECF Nos. 91 and 92), entered January 26, 2015. Upon a guilty finding on these two counts, Defendant could have been sentenced up to seventeen years. Evidence that Defendant had the victim's car keys in his pocket the day after the carjacking, which supported counts one and three, would also have been presented to the jury. Order (ECF No. 91). A guilty finding on either of these counts could have resulted in a sentence of up to fifteen years or twenty years, respectively.

In light of these facts, counsel secured a favorable outcome for Defendant. Having failed to show that counsel's strategy to pursue a plea rather than proceed to trial was objectively unreasonable, Defendant is not entitled to relief on this claim.

### C. Failure to object to false testimony

Defendant asserts that his counsel was ineffective because he failed to object when Officer Guzman allegedly lied, saying that he did not know the defendant when in fact, Guzman and Defendant had been acquainted for many years. Mem. (ECF No. 123) at 24-25.

---

[5] On July 19, 2013, Defendant was sentenced for violations of 14 V.I.C. § 2253, unauthorized possession of a firearm, and 19 V.I.C. § 607(ae), simple possession of a controlled substance. He was on supervised probation at the time of his arrest in this case.

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 12

Defendant does not say what difference objecting to this witness's answer would have made, except to the extent that it may have impeached the witness's credibility. The Court finds nothing in Officer Guzman's suppression hearing testimony that shows that the disposition of Defendant's case would have been different had counsel objected. The case Defendant cites in support of his contention that failure to impeach a witness may constitute ineffective assistance of counsel is distinguished from the facts here. In *Moore v. Sec'y Pa. Dep't of Corr.*, 457 Fed. App'x 170 (3d Cir. 2012), counsel failed to impeach the testimony of two key eyewitness who were testifying as to their personal knowledge of the defendant's involvement in the crime. In this case, Guzman testified that he was the officer that took the report from the victim and his father on December 25, when they arrived at the police station to report the crime.

      Even in the unlikely event that Officer Guzman's credibility was fatally impeached, the victim and his father could have testified to the same facts Guzman swore to. The Court finds that counsel's choice to not object to Guzman's statement was reasonable and that it did not prejudice Defendant. Therefore, he is not entitled to relief on this claim.

      Because the Court has not found ineffective assistance nor prejudice in any of Defendant's claims, it is not necessary to address Defendant's argument under summary and cumulative errors. Mem. (ECF No. 123) at 25.

*United States v. Abdallah*
1:14-cr-00010; 1:16-cv-00014
Report and Recommendation
Page 13

## IV. Conclusion

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendant Abdallah Abdallah's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 123) be **DENIED** without an evidentiary hearing.[6] It is further recommended that a certificate of appealability be **DENIED**.[7]

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: January 26, 2018        /s/ George W. Cannon, Jr.
                               GEORGE W. CANNON, JR.
                               MAGISTRATE JUDGE

---

[6] The question of whether to order an evidentiary hearing when considering a motion to vacate a sentence under § 2255 "is committed to the sound discretion of the district court." *Government of Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). A § 2255 evidentiary hearing "is unnecessary when the 'files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Padilla–Castro,* 426 F. App'x 60, 63 (3d Cir.2011) (quoting 28 U.S.C. § 2255(b)). Here, the record in this case conclusively shows that Abdallah is not entitled to relief.

[7] When a district court issues a final order on a § 2255 motion, it must make a determination whether it will permit a certificate of appealability. 3d Cir. L.A.R. 22.2; Fed. R. App. P. 22(b)(1). A district court will issue a certificate of appealability only upon a finding of a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the record fails to show a violation of Abdallah's constitutional rights. Accordingly, a certificate of appealability should be denied.