# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| ABDALLAH ABDALLAH )<br>)<br>Petitioner, )<br>) Civil Action No. 2016-0014<br>v. ) Criminal Action No. 2014-0010<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | |

**Appearances:**
**Abdallah Abdallah,** *Pro Se*
Coleman, FL

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Magistrate Judge George W. Cannon, Jr.'s Report and Recommendations ("R&R") (Dkt. No. 127) recommending that Petitioner Abdallah Abdallah's ("Petitioner") *pro se* "Title 28 U.S.C. § 2255 Motion to Vacate" ("Motion" or "Motion to Vacate") (Dkt. No. 123) be denied. For the reasons that follow, the Court will accept the Magistrate Judge's R&R; deny Petitioner's Motion to Vacate; and decline to issue a Certificate of Appealability.

### I. BACKGROUND

The charges in this case stem from a carjacking that occurred on December 23, 2013 on St. Croix. The Government filed a seven-count indictment against Petitioner on March 19, 2014 charging him with violations of federal and territorial law in relation to the carjacking. (Dkt. No.

1).[1] Petitioner, who was represented by then-Federal Public Defender Omodare B. Jupiter, Esq., entered into a plea agreement with the Government on February 2, 2015, pursuant to which he pleaded guilty to Count 2 of the indictment—using a firearm during a crime of violence in violation of 18 U.S.C. §§ 2(a) and 924(c)(1)(A)(ii). (Dkt. No. 103). In pleading guilty, Petitioner acknowledged that he was in fact guilty of the charges contained in Count 2 and that—in the event the case were to proceed to trial—the Government could present evidence to prove Petitioner's guilt on Count 2 beyond a reasonable doubt. *Id.* at 2-3.

The Court accepted the parties' plea agreement, and Petitioner was subsequently sentenced to 84 months imprisonment with credit for time served; three years of supervised release; and a $100 mandatory assessment on Count 2. (Dkt. Nos. 108, 120).[2] Petitioner then filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"), alleging that his guilty plea was the product of ineffective assistance rendered by his counsel. (Dkt. No. 123 at 6). The Court referred Petitioner's Motion to Magistrate Judge George W. Cannon, Jr. for an R&R. (Dkt. No. 124). Following his review of Petitioner's Motion, the Magistrate Judge recommended that Petitioner's Motion be denied without an evidentiary hearing, and that the Court decline to issue a Certificate of Appealability. (Dkt. No. 127). A copy of the Magistrate Judge's R&R was mailed to Petitioner via certified mail, return receipt requested, and a return receipt was filed indicating that the R&R was delivered to the Coleman Federal Correctional Institution on February

---

[1] Specifically, Petitioner was charged with carjacking in violation of 18 U.S.C. §§ 2(a) and 2119(1) (Count 1); using a firearm during a crime of violence in violation of 18 U.S.C. §§ 2(a) and 924(c)(1)(A)(ii) (Count 2); robbery in the first degree in violation of 14 V.I.C. §§ 11(a) and 1862(2) (Count 3); unauthorized possession of a firearm in violation of 14 V.I.C. §§ 11(a) and 2253(a) (Count 4); possession of stolen property in violation of 14 V.I.C. § 2101(a) (Count 5); unauthorized possession of ammunition in violation of 14 V.I.C. § 2256(a) (Count 6); and felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

[2] The remaining counts of the indictment were dismissed on the Government's motion.

5, 2018. (Dkt. Nos. 128, 129). No objections to the Magistrate Judge's R&R have been filed, and the deadline to file any objections has long passed.[3]

## II. STANDARD OF REVIEW

Where the parties fail to file timely objections to a magistrate judge's R&R, there is no statutory requirement that the district court review the R&R before accepting it. *Anderson v. United States*, 2019 WL 1125816, at *1 n.1 (M.D. Pa. Mar. 12, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that a district court judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*") (emphasis added). The Third Circuit has determined, however, that as a matter of good practice, district courts should "afford some level of review to dispositive legal issues" raised in an R&R to which no objection has been filed. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). In the habeas corpus context, the Third Circuit has concluded that "plain error review is appropriate where a party fails to timely object to a magistrate judge's R&R." *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007).[4] Accordingly, the Court reviews the instant R&R under a plain error standard—which entails a determination as to whether the R&R contains any "clear" or "obvious" error affecting Petitioner's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that

---

[3] Objections were due to be filed within 14 days of Petitioner's receipt of the R&R, and therefore by February 19, 2018.

[4] While the federal statute "authorizing general habeas corpus relief" is 28 U.S.C. § 2241 and not 28 U.S.C. § 2255, *Duval v. United States*, 385 F. Supp. 302, 305 (E.D. Pa. 1974), motions pursuant to 28 U.S.C. § 2255 are considered requests for habeas relief. *See, e.g, United States v. Bendolph*, 409 F.3d 155, 163 (3d Cir. 2005) (noting that, in passing the Antiterrorism and Effective Death Penalty Act, "Congress was concerned with abuses of, and the interests implicated by, habeas filings under both §§ 2254 and § 2255").

to meet the definition of a "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

### III. DISCUSSION

Petitioner asserts three grounds for relief in his Motion to Vacate, claiming that alleged errors by his counsel—individually and cumulatively—resulted in the denial of his Sixth Amendment right to effective assistance of counsel and his involuntary entry of a guilty plea on Count 2 of the indictment. (Dkt. No. 123 at 19-26). Specifically, Petitioner contends that his counsel provided ineffective assistance by: (1) failing to move for dismissal of the indictment;[5] (2) failing to advise Petitioner of the nature and elements of Count 2; and (3) failing to object to, or impeach, the alleged perjured testimony of Virgin Islands Police Department ("VIPD") Officer Mitchell Guzman during the suppression hearing in this matter.

The Magistrate Judge appropriately performed a preliminary review of Petitioner's Motion pursuant to the Rules Governing Section 2255 Proceedings. *See* 28 U.S.C. § 2255 Rule 4 (providing that a Section 2255 motion is subject to an initial review to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief"). The Magistrate Judge correctly identified the legal standard for the analysis of ineffective assistance of counsel claims established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and recognized that—as a *pro se* filer—

---

[5] Petitioner alleges that his counsel should have moved to dismiss the indictment because the "facts of the case clearly show that [Petitioner] did not commit the substantial offense of possessing a firearm in furtherance of a crime of violence" as a principal or under an aiding and abetting theory in that Petitioner did not know that another individual allegedly involved in the carjacking— Sammy McDonald—was in possession of a gun or intended to use it. (Dkt. No. 123 at 19-20). He asserts that the absence of his knowledge of the gun would have been clear to his counsel had he appropriately investigated, interviewed, and called Sammy McDonald as a witness prior to advising Petitioner to plead guilty. *Id.* at 20.

4

Petitioner's Motion would be construed liberally and held to "less stringent standards than formal proceedings drafted by lawyers." (Dkt. No. 127 at 5-6 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). On the basis of his preliminary review, the Magistrate Judge determined as to each of Petitioner's grounds for relief that the performance of Petitioner's counsel was not objectively unreasonable, and that Petitioner had therefore failed to demonstrate his entitlement to relief on his ineffective assistance of counsel claims. *Id.* at 6-12.

As to Petitioner's first ground, the Magistrate Judge found that the failure of Petitioner's counsel to file a motion to dismiss the indictment did not constitute ineffective assistance of counsel because any such motion would have been futile in light of the highly inculpatory evidence linking Petitioner to the carjacking and supporting the firearms and ammunition charges against him—including the discovery of a firearm, ammunition, and the carjacking victim's car keys on Petitioner's person. *Id.* at 6-7.[6] The Magistrate Judge also concluded that counsel's alleged failure to interview Sammy McDonald ("McDonald")—the alleged principal perpetrator of the carjacking—regarding Petitioner's knowledge of McDonald's possession of a gun and intent to use it in the carjacking did not rise to the level of ineffective assistance of counsel. The Magistrate Judge determined based on the record that Petitioner's counsel was actively engaged in Petitioner's defense and familiarized himself with the existing evidence at the time plea negotiations were ongoing.[7] The Magistrate Judge also noted that there is no indication in the record that Petitioner

---

[6] The Magistrate Judge also found that—if he were to liberally construe Petitioner's Motion as challenging his counsel's decision not to file a motion to dismiss Count 2 alone (as opposed to the indictment as a whole)—this decision resulted in no prejudice to Petitioner because he received a lesser sentence on Count 2 than he would have been exposed to had he been convicted at trial on other counts in the indictment. (Dkt. No. 127 at 7).

[7] The Magistrate Judge noted that the affidavit from Sammy McDonald attached to Petitioner's Motion was sworn six months after his counsel's representation was concluded. (Dkt. No. 127 at 7-8).

5

asserted his innocence to his counsel or brought alleged exculpatory evidence to his counsel's attention, such as would support a finding of ineffective assistance based on his counsel's failure to take action despite knowledge of potentially exculpatory evidence. *Id.* at 8-9 (citing *United States v. Gray*, 878 F.2d 702 (3d Cir. 1989); *United States v. Jasin*, 215 F. Supp. 2d 552 (E.D. Pa. 2002)). The Court finds that the Magistrate Judge's conclusions and recommendation that Petitioner's first ground for relief should be denied are supported by the record and the applicable law.

With regard to Petitioner's second ground for relief, the Magistrate Judge accepted as true Petitioner's assertion that his counsel failed to advise him about the nature and elements of Count 2—specifically, the requirement that Petitioner have knowledge of McDonald's possession of a gun—for purposes of the R&R, and proceeded to consider whether this alleged error by his counsel resulted in prejudice to Petitioner under the *Strickland* standard. *Id.* at 9-11. As a preliminary matter, however, the Court notes that Petitioner's claim that his counsel failed to advise him of the knowledge element of Count 2 is belied by the record. The plea agreement *signed by Petitioner* contains a specific acknowledgment by Petitioner that the Government could prove the essential elements of Count 2, including that Petitioner "knowingly aided and abetted the using and carrying of a firearm[.]" (Dkt. No. 103 at 2). In any event, even accepting Petitioner's assertion, the Magistrate Judge concluded that, in light of the highly incriminating evidence against Petitioner on other counts in the indictment—including the evidence of his possession of a firearm and ammunition—and the substantial terms of imprisonment Petitioner was facing were he convicted at trial on these counts, his counsel's decision to pursue a guilty plea on Count 2 was objectively reasonable and resulted in a favorable outcome for Petitioner. *Id.*

The Court notes that—where a petitioner alleges that a decision to enter a guilty plea was the result of ineffective assistance of counsel—the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To make such a showing, a petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). The Court finds that, for the reasons stated in the R&R, the Magistrate Judge's conclusion that counsel's decision to pursue a guilty plea on Count 2 resulted in a favorable outcome for Petitioner is supported by the record, and thus Petitioner cannot meet his burden of convincing the Court that a decision to reject a plea bargain on Count 2 would have been rational under the circumstances of this case. Accordingly, the Court finds no plain error in the Magistrate Judge's recommendation that Petitioner's second ground for relief be denied.

As to Petitioner's third ground for relief, the Magistrate Judge found that counsel's decision not to object to or impeach VIPD Officer Guzman's statement during the suppression hearing that he did not personally know Petitioner—despite Petitioner's claim that he and Officer Guzman had been acquainted for years—was harmless. (Dkt. No. 127 at 11-12). The Magistrate Judge distinguished the case relied on by Petitioner for the proposition that the outcome of his suppression hearing would have been different had his counsel impeached Officer Guzman, and further noted that other witnesses were available to testify to the facts that emerged from Officer Guzman's testimony in the "unlikely event that Officer Guzman's credibility was fatally impeached[.]" *Id.* at 12 (citing *Moore v. Sec'y Pennsylvania Dep't of Corr.*, 457 F. App'x 170 (3d Cir. 2012)). The Court finds that the Magistrate Judge's conclusions and recommendation that Petitioner's third ground for relief be denied are supported by the record and the applicable law.

As noted by the Magistrate Judge, because Petitioner has not demonstrated that he received ineffective assistance of counsel with respect to any of the grounds advanced in his Motion, the Court need not consider the effect of cumulative error here. *Id.* Accordingly, having reviewed the Magistrate Judge's R&R and finding no plain error in his conclusions and recommendations, the Court will accept the Magistrate Judge's R&R.

## IV.  CONCLUSION

For the reasons discussed above, the Court finds that the Magistrate Judge's R&R recommending the denial of Petitioner's Motion to Vacate contains no plain error—understood as an obvious error affecting Petitioner's substantial rights. Accordingly, the Court will accept the Magistrate Judge's R&R and will deny Petitioner's Motion to Vacate without an evidentiary hearing. The Court will further decline to issue a Certificate of Appealability because it concludes that Petitioner has neither "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), nor "demonstrate[d] that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order accompanies this Memorandum Opinion.

Date:   June 19, 2019                                              _____/s/_____
                                                                                         WILMA A. LEWIS
                                                                                         Chief Judge