DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2014-0010 |
| ) | |
| ABDALLAH ABDALLAH, ) | |
| ) | |
| Respondent. ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
  *For the United States*

**Matthew Campbell, Esq.,**
St. Thomas, U.S.V.I.
  *For Respondent*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Abdallah Abdallah's ("Abdallah") "Motion for Early Termination of Supervised Release" ("Motion for Early Termination") (Dkt. No. 132). In his Motion, Abdallah requests that the Court terminate his supervised release because he has "created a stable life for himself while also successfully demonstrating his rehabilitation," and he has exhibited "exemplary conduct with no missteps while on supervise[d] release." *Id*. at 3. For the reasons that follow, the Motion for Early Termination will be denied.

On June 1, 2015, Abdallah was sentenced to 84 months of incarceration, followed by 36 months of supervised release after he pleaded guilty to one count of using a firearm during a crime of violence. (Dkt. Nos. 103, 120 at 1). Abdallah completed his term of incarceration on February 12, 2020, at which time he began his 36-month term of supervised release.[1] On August 5, 2022,

---

[1] *See* FEDERAL BUREAU OF PRISONS, Inmate Locator, https://www.bop.gov/inmateloc (last visited October 31, 2022).

Abdallah filed the instant Motion for Early Termination. (Dkt. No. 132). As of the date of this Order, Abdallah has served approximately 33 months of his 36-month term of supervised release.

Section 3583(e) of Title 18 provides that a sentencing court may terminate a term of supervised release prior to its expiration if the defendant has served at least one year of his supervised release and the sentencing court finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). In determining whether to terminate supervised release, 18 U.S.C. § 3553(a) provides the following factors for the sentencing court to consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7)). District courts are not required to make specific findings of fact with respect to each of these factors. Rather, "a statement that [the district court] has considered the statutory factors is sufficient." *Id*. at 52-53 (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)) (internal quotation marks omitted). The Third Circuit has determined that "[g]enerally, early termination of supervised release under 18 U.S.C. § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id*. at 53 (quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotation marks omitted). Ultimately, the decision to modify or terminate a term of supervised release rests in the discretion of the court.

*Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009) (finding that modification of a term of supervised release "turns on a discretionary decision of the sentencing court").

Here, Abdallah seeks early termination of his supervised release because he has had "no new arrests or violations," "maintained stable employment," exhibited "exemplary conduct with no missteps while on supervise[d] release," developed "positive ties to his community," and his supervising probation officer has no objections to early termination.[2] (Dkt. No. 132 at 3-4). In support of his motion, Abdallah cites *United States v. Johnson*, 529 U.S. 53 (2000) for the proposition that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration" and its primary goal is to "ease the defendant's transition into the community." *Id*. at 59. Abdallah argues, in effect, that because he has "flourished as a law-abiding citizen while rebuilding his life," he has "benefitted from the rehabilitative effects which supervised release was designed to provide," and demonstrated that he is "not in need of further supervision to achieve rehabilitation." (Dkt. No. 132 at 3, 4).

Abdallah's reliance on *Johnson* is misplaced because in *Johnson*, the Supreme Court did not address the issue of early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Rather, it dealt with the question of whether the excess incarceration that the defendant served as a result of convictions declared invalid could be credited toward reducing the defendant's term of supervised release. *Id*. at 54-58. In that context, the *Johnson* court highlighted the rehabilitative

---

[2] In this latter regard, Abdallah—who is on courtesy supervision in Louisiana—reports that his probation officer has advised that Abdallah "meets the Eastern District of Louisiana's qualifications for early termination of supervised release." (Dkt. No. 132 at 4).

3

goals of supervised release as distinct from the punitive goals of incarceration as justification for not reducing the term of supervised release. *Id.* at 59.

Here, by contrast, the issue is not whether the goals of incarceration and supervised release are interchangeable such that a reduced term of supervised release could compensate for excess incarceration. Rather, this Court is faced with the very different issue of whether new or unforeseen circumstances, together with consideration of the factors in 18 U.S.C. § 3553(a), warrant early termination of Defendant's term of supervised release. The Supreme Court's opinion in *Johnson* is therefore inapposite and does not advance Defendant's cause.

Further, it is well settled that mere compliance with the conditions of supervision—including good behavior and refraining from engaging in criminal conduct—is required and expected conduct while serving a term of supervised release. Such compliance, by itself, is not grounds for early termination of supervision. *See e.g., United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional"); *see also United States v. Abdelhady*, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination"); *United States v. Banks*, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"). Thus, while the Court commends

Abdallah for displaying good conduct during his period of supervised release, his unblemished record is not sufficient to warrant early termination.

Indeed, based on the totality of the circumstances here—including consideration of the Section 3553(a) factors—the Court concludes that early termination is unwarranted. First, Abdallah has failed to cite any "new or unforeseen circumstances," *Melvin*, 978 F.3d at 53, that would warrant early termination of his supervised release. Second, consideration of the Section 3553(a) factors and the interest of justice counsel against early termination. The Court cannot ignore the fact that Abdallah pleaded guilty to having committed a very serious crime—using a firearm during a crime of violence. He admitted that while driving his vehicle, he "cut in front of a red Ford Focus" and "blocked the victim's car." (Dkt. No. 103 at 2). His co-conspirator then stepped out of the passenger seat of Abdallah's vehicle and walked toward the victim's vehicle. *Id*. The co-conspirator "pointed a gun at the victim's head [and] told him to get out of the car. The victim exited the car against his will and the individual got into the car and drove off." *Id*. Abdullah was "arrested later that day . . . with the victim's car keys in his possession" and the "red Focus was later found behind [Abdullah's] residence." *Id*.

In sum, the court concludes that the absence of any new or unforeseen circumstances, together with the Court's consideration of the Section 3553(a) factors, weighs against early termination of Abdallah's period of supervised release. *United States v. Brown*, 2022 WL 3646568, at *2 (D.N.J. Aug. 24, 2022) (denying motion seeking early termination of supervised release for defendant who pleaded guilty to a crime of violence after considering the nature of the offense and the absence of any new circumstances that would warrant early termination); *United States v. Boyle*, 2022 WL 3588021 (E.D. Pa. Aug. 22, 2022) (denying motion for termination of supervised release despite defendant's good behavior and his crimes being non-violent in nature, because his

offenses were serious and no new circumstances emerged to warrant early termination of his supervised release). Accordingly, Abdallah's Motion for Early Termination will be denied.

**UPON CONSIDERATION** of the foregoing, it is hereby **ORDERED** that Defendant Abdallah Abdallah's "Motion for Early Termination of Supervised Release" (Dkt. No. 132) is **DENIED.**

**SO ORDERED.**

Date:   October 31, 2022 _____/s/_____
WILMA A. LEWIS
District Judge